UNITED STATES of America,
Plaintiff–Appellee,

v.

Calvin Lee BURRELL, a.k.a. Calvin Lee Black, a.k.a. Kelvin Burrell, a.k.a. Kevin Burrell, Defendant–Appellant.

No. 06–16293
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 24, 2007.

Kevin Roberts, Birmingham, AL, for Defendant–Appellant.

Joyce White Vance, Birmingham, AL, for Plaintiff–Appellee.

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Calvin Lee Burrell appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the evidence was insufficient to show: (1) that he was the individual who pawned the two firearms that are the subject of this charge; and (2) that the two rifles in question were "firearms" for purposes of § 922(g)(1).

This court reviews the sufficiency of the evidence *de novo*, to determine whether, viewing the evidence in the light most favorable to the government, any reasonable juror could have concluded that the defendant was guilty beyond a reasonable

828

doubt. *United States v. Hunt,* 187 F.3d 1269, 1270 (11th Cir.1999). To hold that the testimony of a government witness is incredible as a matter of law, we must find that the testimony is "unbelievable on its face," meaning that the facts to which the witness testified "physically could not have possibly [been] observed" or were "events that could not have occurred under the laws of nature." *United States v. Rivera,* 775 F.2d 1559, 1561 (11th Cir.1985) (internal quotations and citations omitted).

In order to convict Burrell of being a felon in possession of a firearm, the jury must have found three elements: "(1) that [he] was a convicted felon, (2) that [he] was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux,* 205 F.3d 1292, 1297 (11th Cir.2000). "For purposes of § 922(g)(1), a firearm is defined to include any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive." *United States v. Adams,* 137 F.3d 1298, 1300 (11th Cir.1998). The government need not show that the firearm is operable to sustain a conviction. *Id.*

Because the evidence included, *inter alia:* (1) testimony from a pawn shop employee, who identified Burrell as the individual who pawned two firearms; (2) surveillance video of Burrell pawning the firearms; (3) pawn documents containing Burrell's signature; and (4) expert testimony stating that the items that Burrell pawned were firearms, the evidence was sufficient to permit a reasonable juror to convict Burrell. Accordingly, we affirm the conviction.

**AFFIRMED.**